2011-23201
FILED
May 04, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003465475

Alan Steven Wolf, Bar No. 94665
Daniel K. Fujimoto, Bar No. 158575
THE WOLF FIRM, A Law Corporation
2955 Main Street, Second Floor
Irvine, CA 92614
(949) 720-9200
(949) 608-0128
Alan.Wolf@wolffirm.com

Attorneys for Movant
US Bank National Association, as trustee, on behalf of the holders of the Adjustable Rate Mortgage Trust 2007-1, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2007-1

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re: | CASE: 11-23201-A-7 |
| VIRGIE FERRER CRISOSTOMO aka VIRGIE F. CRISOSTOMO aka VIRGIE F. CRAGIN | CHAPTER 7 |
| | REF.: ASW-1 |
| Debtor. | ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY |
| | DATE: 05/02/11<br>TIME: 10:00am<br>CTRM: 28<br>U.S. Bankruptcy Court<br>501 I Street<br>Sacramento, CA 95814 |

A MOTION FOR RELIEF FROM THE AUTOMATIC STAY in this case having been filed by US Bank National Association, as trustee, on behalf of the holders of the Adjustable Rate Mortgage Trust 2007-1,Adjustable Rate Mortgage-Backed Pass-Through Certificates,

Series 2007-1, and having been set to be heard before the HONORABLE MICHAEL S. MC MANUS, UNITED STATES BANKRUPTCY

RECEIVED
May 03, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003465475

6401-6456

1    JUDGE, on May 2, 2011, and the Court, having read the
2    various pleadings, documents and proceedings, and service
3    having been made, and after due deliberation without
4    hearing, does hereby make its order as follows:
5        IT IS ORDERED that with respect to the real property
6    commonly known as 2328 Hartland Circle, Roseville, CA 95747,
7    and more fully described as follows:
8            SEE LEGAL DESCRIPTION MARKED AS EXHIBIT
9            "A" AND INCORPORATED HEREIN BY REFERENCE
10   Movant and its agents and successors are relieved of the
11   automatic stay, and said stay is immediately terminated, so
12   that Movant and its agents and successors may exercise or
13   cause to be exercised any and all rights under her Note
14   and/or Deed of Trust and any and all rights after
15   foreclosure sale, including, but not limited to, the right
16   to commence and/or consummate foreclosure proceedings on the
17   property and the right to proceed in any action to obtain
18   possession of the property.
19       IT IS FURTHER ORDERED that the court determines that
20   this bankruptcy proceeding has been finalized for purposes
21   of Cal. Civil Code § 2923.5 and the enforcement of the note
22   and deed of trust described in the motion against the
23   subject real property. Further, upon entry of the order
24   granting relief from the automatic stay, the movant and its
25   successors, assigns, principals, and agents shall comply
26   with Cal. Civil Code § 2923.52 et seq., the California
27

Matter I.D. 6401-6456

Foreclosure Prevention Act, to the extent it is otherwise applicable.

IT IS FURTHER ORDERED that because the movant has not established that the value of its collateral exceeds the amount of its secured claim, the court awards no fees and costs to movant.

IT IS FURTHER ORDERED that the 14-day period specified in Fed.R.Bankr.P. 4001(a)(3) is not waived. That period, however, shall run concurrently with the 7-day period specified in Cal. Civ. Code Section 2924g(d) to the extent section 2924g(d) is applicable to orders terminating the automatic stay.

IT IS FURTHER ORDERED that no other relief is awarded.

Dated: May 04, 2011

By the Court

Michael S. McManus
United States Bankruptcy Judge

Matter I.D. 6401-6456

# EXHIBIT A

covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the
COUNTY of PLACER :
[Type of Recording Jurisdiction] [Name of Recording Jurisdiction]

LOT 101 AS SHOWN ON THE PLAT ENTITLED "WESTPARK VILLAGE 7" FILED FOR RECORD DECEMBER 19, 2005, IN BOOK AA, AT PAGE 87, OFFICIAL RECORDS OF PLACER COUNTY.
A.P.N.: 490-090-050-000

which currently has the address of 2328 HARTLAND CIRCLE
[Street]

ROSEVILLE , California 95747 ("Property Address"):
[City] [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not